UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDERICK A. HAMILTON,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Civil File No. 05-457 (DWF/JSM)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that petitioner's habeas corpus application is barred by the statute of limitations. It will therefore be recommended that the petition be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On May 31, 1995, petitioner was convicted of kidnaping in the State District Court for Hennepin County, Minnesota. He was not sent to prison at that time, but he was instead placed on probation for fifteen years. On December 12, 2001, petitioner was found guilty of violating the conditions of his probation. His probation was then revoked, and he was sent to prison. He is currently incarcerated at the Minnesota Correctional Facility at

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

dockets.Justia.com

Moose Lake, Minnesota.

Petitioner challenged the revocation of his probation in a direct appeal to the Minnesota Court of Appeals, but his appeal was unsuccessful. State v. Hamilton, 646 N.W.2d 915 (Minn.App. 2002). The Minnesota Supreme Court denied petitioner's request for further review on September 25, 2002.

On September 3, 2003, petitioner filed a habeas corpus petition here in the Minnesota Federal District Court, in which he again challenged the revocation of his probation. Hamilton v. State of Minnesota, Civil No. 03-5161 (DWF/JSM), [hereafter "Hamilton I"]. That action was dismissed without prejudice on December 13, 2004, because petitioner had not exhausted his state court remedies for all of the claims listed in his petition. (See Hamilton I, Order dated December 13, 2004 adopting Report and Recommendation, ["R&R"], dated November 5, 2004, [Docket Nos. 6 and 8]).

On March 3, 2005, petitioner filed his current federal habeas corpus petition, which challenges the revocation of his probation (once again) on two grounds:

(1)  that he was deprived of his constitutional right to due process because of several alleged "irregularities" during the course of the revocation proceedings; and

(2)  that he was deprived of his constitutional right to testify in support of his own defense.

None of petitioner's current habeas claims can be entertained on the merits, however, because the instant petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**II.     DISCUSSION**

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no indication that the state created any impediment that prevented petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any

indication that petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction "became final by the conclusion of direct review" upon the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court, following the completion of his direct appeal. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions are not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the one-year statute of limitations began to run, on December 24, 2002 -- 90 days after the Minnesota Supreme Court declined to review petitioner's claims on direct appeal. The statute of limitations set by § 2244(d)(1)(A) expired one year later, on December 24, 2003.

Petitioner did not file his current habeas corpus petition until March 3, 2005, which was more than 14 months after the statute of limitations deadline had expired. It is therefore readily apparent that the instant petition is time-barred, unless it is saved by the tolling provisions of § 2244(d)(2).

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly commences a post-conviction action in state court. The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be

4

pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). In this case, however, petitioner never challenged his conviction or sentence in a state post-conviction motion. (Petition, p. (3), ¶ 10.) Therefore, the tolling provisions of § 2244(d)(2) cannot help him.

The Court further notes that the statute of limitations was not tolled while Hamilton I was pending here in federal court, because only state post-conviction proceedings can toll the statute pursuant to § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("[w]e hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)[; and] Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition"). According to Duncan, the statute of limitations continued to run, untolled, during the entire time that Hamilton I was pending in federal court.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that petitioner's present habeas corpus petition is clearly time-barred under 28 U.S.C. § 2244(d)(1)(A). It will therefore be recommended that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. Moreover, because petitioner is now statutorily ineligible for federal habeas corpus relief, it will be further recommended that the action be dismissed with prejudice.[2]

---

[2] Petitioner should not be surprised by the Court's recommendation, because the R&R in Hamilton I informed him that the § 2244(d)(1) statute of limitations had already expired, and that any future federal habeas corpus petition challenging the revocation of his probation would therefore be time-barred. (See R&R in Hamilton I, p. 8, n. 2.)

Finally, the Court notes that petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3. This action be dismissed with prejudice.

Dated:     March 16, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 4, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.